**MCGUIREWOODS LLP**
MOLLY M. WHITE SBN 171448
PIPER A. WALDRON SBN 291482
1800 Century Park East, 8th Floor
Los Angeles, CA 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210
mwhite@mcguirewoods.com
pwaldron@mcguirewoods.com

Attorneys for Plaintiff, Piperhill Limited

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIPERHILL LIMITED, an Isle of Man Company, <br><br> Plaintiff, <br><br> vs. <br><br> AMBERHILL CUSTOM ESTATES, a California Limited Liability Company, <br><br> Defendant. | CASE NO. 8:18-cv-00149 AG-JEM <br><br> [~~PROPOSED~~] **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered:

1. "Confidential" as used herein means any information that is designated as Confidential in this action whether it be a document, information contained in a document, information revealed during a deposition or in an interrogatory answer or any information otherwise disclosed in formal or informal discovery that has been designated as Confidential.

2. "Highly Confidential" information as used herein means any Confidential information designated as Highly Confidential.

3. Any information produced or received from a party or non-party in the course of this action may be designated Confidential or Highly Confidential upon the good-faith belief that there is "good cause" for confidential treatment of the information pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, because such information contains or reflects confidential information which has not been made public and/or which the designating party believes in good faith will, if disclosed, cause harm to its competitive position or place private information in the public. Confidential documents and information shall include but are not limited to trade secrets (as defined by Cal. Civil Code § 3426.1), commercial information and any proprietary or commercially sensitive business or financial information, documents specifically protected by confidentiality provisions in existing agreements between parties and/or non-parties, employee instructions, directives, and communications not intended to be publicly circulated, third-party agreements, and internal or external correspondence where there is a reasonable expectation of confidentiality and/or which are otherwise protected by law. Highly Confidential documents and information shall include but are not limited to private personal information, revenue and cost data, competitive data and/or other information protected from disclosure by one or more federal or state privacy or consumer protection laws, authorities or regulations and/or which are otherwise protected by law.

4. Documents containing confidential information shall be designated as such by placing a legend, either Confidential or Highly Confidential, on the document sufficient to identify it as entitled to confidential treatment in this action. If an electronic document is produced in native-format, documents containing Confidential or Highly Confidential information shall be designated by providing an associated field containing the confidentiality designation in the load file or shall be designated in written correspondence to the other party with sufficient information

to identify the document that is to be designated as Confidential or Highly Confidential.

5. Confidential and/or Highly Confidential information produced or received in the course of this action shall be used solely for the purpose of this action (including any appeals) and not in any other litigation or for any business or other purpose whatsoever. At the conclusion of this litigation, counsel for the parties shall, at the option and sole expense of the producing party, return all Confidential and/or Highly Confidential documents produced, or destroy all such documents, including all copies. The conclusion of this litigation shall mean within 15 days of the latter of (a) the expiration of all appeals and/or appeal periods of right from an order finally approving of a settlement or, (b) if no settlement, within 15 days of the latter of the expiration of all appeals and/or appeal periods of right from the dismissal and/or entry of judgment in this action.

6. Confidential information may be inspected only by the following persons:

(a) the parties to this action and counsel of record for the parties to this action and any other lawyers specifically employed by them in connection with this action, and any legal, clerical, secretarial or other staff of such counsel assisting them;

(b) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary.

(c) experts or consultants retained by the parties and any employee of such experts or consultants;

(d) the Court and court personnel under direction of the Court, including jurors;

(e) court reporters during depositions when disclosure is necessary for the examination of a witness;

(f) author(s) and recipient(s) of any Confidential information or those indicated on such Confidential information as authors or recipients, and any testifying witness whose testimony a party believes will be aided by reviewing Confidential information;

(g) mediators or other third party neutral evaluators and their support staff; and

(h) any other person as to whom the parties in writing agree, or as to whom the Court directs, shall have access to such information.

7. Highly Confidential information may be inspected only by the following persons:

(a) counsel of record for the parties to this action and any other lawyers specifically employed by them in connection with this action, and any legal, clerical, secretarial or other staff of such counsel assisting them;

(b) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary, although the Parties reserve the right to object to showing a witness a Highly Confidential document, on a document-by-document basis, in which case the subject document may not be shown to the witness or counsel pending resolution of any dispute over the document.

(c) experts or consultants retained by the parties and any employee of such experts or consultants;

(d) the Court and court personnel under direction of the Court, including jurors;

(e) court reporters during depositions when disclosure is necessary for the examination of a witness;

(f) author(s) and recipient(s) of any Highly Confidential information or those indicated on such Highly Confidential information as authors or recipients;

(g) mediators or other third party neutral evaluators and their support staff; and

(h) any other person as to whom the parties in writing agree, or as to whom the Court directs, shall have access to such information.

8. With respect to Paragraphs 6 and 7 above, no person indicated in (b), (c), or (h) of Paragraphs 6 and 7 may inspect Confidential or Highly Confidential information without: (1) reading this Stipulation and Order before seeing the information; (2) being made aware of its terms and conditions, and (3) executing a written acknowledgment in the form of Attachment A. Upon request, a party who has designated material as Confidential or Highly Confidential may apply to the Court to obtain copies of the executed Attachment A in the event of a dispute regarding the propriety of disclosures of Confidential or Highly Confidential material made by the receiving party and/or a person who falls within the category of persons otherwise required to execute Attachment A who has received protected information from a receiving party. Such application may be made ex parte, and shall be made upon good cause in order to ensure compliance with these obligations and/or to protect against and/or remedy a potential breach of the obligations set forth herein.

9. No party concedes that any information designated by any other party as Confidential or Highly Confidential does in fact contain or reflect confidential information, as defined therein, or has been properly designated as Confidential or Highly Confidential. Any party may challenge any designation made pursuant to this Protective Order in writing to the designating party at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to promptly challenge after the original

designation is disclosed. The challenging party shall initiate the dispute resolution process by providing written notice of each designation it challenges and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in accordance with Local Rule 37-1, within 14 days of service of the notice. The parties shall comply with all provisions of Local Rule 37-1 in connection with any such dispute, and any motion brought thereafter. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner.

      If the meet and confer is unsuccessful, the parties shall cooperate in filing a motion pursuant to Local Rule 37-2, to be initiated by the designating party, requesting this Court to resolve the dispute regarding the propriety of the designation or to address and/or modify the rights or duties of the parties under this Protective Order. The burden of persuasion in any such challenge proceeding shall be on the designating party, who for purposes of Local Rule 37-2, shall be the moving party. Within 14 days of the parties agreeing that the meet-and-confer process will not resolve the dispute, counsel for the designating party shall personally deliver or email to counsel for the challenging party the designating party's portion of the Joint Stipulation set forth in Local Rule 37-2, together with all declarations and exhibits to be offered in support of the designating party's position. Within seven (7) days of receiving the designating party's papers, counsel for the challenging party shall personally deliver or email to counsel for the designating

6
[PROPOSED] PROTECTIVE ORDER

party the challenging party's portion of the Joint Stipulation, together with all declarations and exhibits to be offered in support of the challenging party's position. After the challenging party's papers are added to the Joint Stipulation by the designating party's counsel, the Joint Stipulation shall be provided to counsel for the challenging party, who shall sign it (electronically or otherwise) and return it to counsel for the designating party, no later than the end of the next business day, so that it can be filed with the notice of motion. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Nothing herein shall limit or affect the right any party to seek additional protection against the disclosure of any documents or materials.

10. If the propriety of any designation of documents or information as Confidential or Highly Confidential is disputed, all parties shall continue to protect the information in question as Confidential or Highly Confidential (as designated) until the dispute is resolved as provided herein.

11. Any new party to this case may be made subject to this Protective Order by agreeing to be bound by its terms without further intervention by either party or the Court.

12. The treatment of Confidential and Highly Confidential information at trial shall be addressed by the Court and the parties in connection with the pretrial conference.

13. Nothing herein shall prevent any of the parties from using Confidential or Highly Confidential materials in connection with any hearing or other proceeding in this matter. However, any documents filed with the Court which make use of Confidential and/or Highly Confidential materials shall be protected from disclosure to the maximum extent permitted by law, and shall be filed pursuant to and in strict

7
[PROPOSED] PROTECTIVE ORDER

accordance with the pertinent rules and court procedures relating to the filing of documents under seal.

14. Notwithstanding any of the foregoing provisions, the failure of any party to timely designate Confidential or Highly Confidential information as such shall not constitute waiver of the party's ability to subsequently designate such information as Confidential or Highly Confidential. Similarly, the production of information that would otherwise be protected from disclosure by the attorney-client privilege and/or attorney-work-product doctrine does not constitute a waiver of the privilege or protection of the requirements of Federal Rule of Evidence 502. Upon notice by the producing party that such material constitutes privileged or otherwise protected communications that were inadvertently produced, the receiving party shall promptly return the original and all copies of the described materials to the producing party's counsel, and shall fully comply with the receiving party's obligations under all pertinent professional rules of conduct and state and federal model rules and guidelines describing attorney conduct. Any disputes regarding the producing party's right to the return of such material shall be brought to the Court upon noticed motion, but during the pendency of the motion, shall not excuse or suspend the receiving party's obligations to return such materials. The parties shall meet and confer before filing any such motion, and all subject materials shall be treated as Confidential and/or Highly Confidential until the resolution of the motion, with all filing and disclosure requirements set forth in this Stipulation and Order fully complied with by the receiving and/or moving party.

16. In the event that a party is required, by a valid discovery request, to produce a non-party's Confidential or Highly Confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's Confidential or Highly Confidential information, then the party shall:

      a.      promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

      b.      promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      c.      make the information requested available for inspection by the non-party.

17. If the non-party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the party required, by a valid discovery request, to produce the non-party's Confidential and/or Highly Confidential information shall produce the non-party's Confidential and/or Highly Confidential information responsive to the discovery request. If the non-party timely seeks a protective order, no information that is subject to the confidentiality agreement with the non-party shall be produced before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

18. The provisions of this Order are subject to modification and revision by the Court, upon application by any party, or at the initiation of the Court.

DATED: September 10, 2018

                                                    _John E. McDermott_
                                                    Honorable John E. McDermott
                                                    United States Magistrate Judge

# ATTACHMENT A
## ACKNOWLEDGMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, have read the attached Stipulation and Protective Order regarding Confidential and Highly Confidential information in this Order (the "Protective Order) and understand its terms.

I acknowledge and agree to strictly abide by all terms set forth in the Protective Order, and agree not to disclose or use any information designated as Confidential or Highly Confidential, except as for the limited purposes set forth in the Protective Order. I understand that my obligations in this regard continue even after the conclusion of this litigation.

I agree to submit to the jurisdiction of the United States District Court for the Central District of California, in the event that any dispute arises regarding my obligations under this Acknowledgement and/or the Protective Order.

DATED: _____

NAME: _____